IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY D. DREHER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-2108-LPS |
| TROOP 2 STATE POLICE, et al., | : |
| Defendants. | : |

Anthony D. Dreher, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 13, 2022
Wilmington, Delaware



STARK, U.S. Circuit Judge:

## I.   INTRODUCTION

Plaintiff Anthony D. Dreher ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II.   BACKGROUND

Named Defendants are Troop 2 State Police ("Troop 2") and Governor's Task Force ("Task Force"). Plaintiff alleges that on January 31, 2018, he was in a parked car eating Chinese food when two members of the Task Force told him to "freeze." They punched and choked Plaintiff and pulled him out of the car through the driver's side window. Plaintiff alleges that one of the officers continued beating him. Three other Troop 2 officers pulled up and joined the Task Force officers in beating Plaintiff. Plaintiff alleges that he was beaten until he passed out and, when awakened in a K-9 unit patrol car, the K-9 unit officer pulled him from the car and beat him some more.

Plaintiff was hospitalized and treated for two fractured ribs, a slight concussion, bruises, and lacerations to the face. He was charged with resisting arrest, a charge he alleges was later dropped. Plaintiff alleges violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The Complaint does not contain a prayer for relief.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### IV.  DISCUSSION

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege, or immunity by a person acting under color of state law. *See Daniels v.*

*Williams*, 474 U.S. 327, 330 (1986). Dismissal is proper because neither defendant is a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008).

In addition, the Complaint does not contain a prayer for relief. Federal Rule of Civil Procedure 8(a)(2) and (3) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief sought," Fed. R. Civ. P. 8(a)(3). *See e.g.*, *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *see also Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate prayer for relief compels dismissal). Plaintiff's failure to specify relief of any sort of relief, coupled with naming improper defendants, compels dismissal. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought).

Accordingly, the Complaint will be dismissed. However, since it appears plausible that Plaintiff may be able to articulate a claim against individual defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V.   CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint for failure to state claims upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); (2) dismiss both Defendants; and (3) give Plaintiff leave to amend.

An appropriate Order will be entered.